UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE RUSSELL,<br><br>            Plaintiff,<br><br>    v.<br><br>COUNTY OF BUTTE; TOWN OF PARADISE; and DOES 1 through 100,<br><br>            Defendants. | No. 2:14-cv-00694-TLN-CMK<br><br><br><br>**ORDER** |

This matter is before the Court pursuant to Plaintiff Denise Russell's ("Plaintiff") Motion to Amend the Complaint. (ECF No. 11.) The Court has carefully considered the arguments raised in Plaintiff's motion as well as Defendant County of Butte's ("Defendant") opposition (ECF No. 18). For the reasons set forth below, Plaintiff's Motion to Amend the Complaint (ECF No. 11) is hereby GRANTED.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On or about February 12, 2013, Plaintiff called the Paradise Police Department from her home through the 911 call network to ask to be taken for mental health care because she was deeply depressed and suicidal, having suffered chronic depression for a number of years. (Compl., ECF No. 1 at ¶ 6.) Upon arriving at Plaintiff's home, two Paradise Police officers directed her to step outside. (ECF No. 1 at ¶ 6.) When Plaintiff complied, the officers arrested

1  her and charged her with being drunk in public.  (ECF No. 1 at ¶ 6.)  The officers transported her
2  to the Butte County Jail and placed her into the custody of the custodial officers on duty at the
3  Butte County Jail.  (ECF No. 1 at ¶ 6.)  While at the jail, Plaintiff was handcuffed behind her back
4  and pushed forward onto the floor of the cell, causing her to fall forward, land on her left
5  shoulder, and explode the head of her humerus, causing pain and disabling her from arising from
6  the cell floor.  (ECF No. 1 at ¶ 6.)  Her fall was witnessed by at least three correctional officers.
7  (ECF No. 1 at ¶ 6.)  As she lay on the floor, a custodial officer placed his knee on her right
8  shoulder and then removed the handcuffs from her wrists.  (ECF No. 1 at ¶ 6.)  She was left on
9  the floor of her cell for an hour with only the ability to cry and kick the door with her right foot to
10 ask for help.  (ECF No. 1 at ¶ 6.)

11 After the hour passed, Plaintiff received a medical check and was immediately transported
12 to Oroville Hospital where surgery was performed to alleviate the effect of the fracture to the
13 head of her humerus.  (ECF No. 1 at ¶ 6.)  Surgery required multiple pins and devices to stabilize
14 her shoulder.  (ECF No. 1 at ¶ 6.)  The fall also resulted in a fracture of Plaintiff's central left
15 upper tooth, leaving a gaping hole in the center of her mouth which required later repair.  (ECF
16 No. 1 at ¶ 7.)

17 No criminal charges were brought against Plaintiff in connection with the preceding
18 incident.  (ECF No. 1 at ¶ 8.)  However, at the direction of Defendant, Plaintiff underwent tests
19 without her consent to evaluate her for narcotics addiction, alcohol, and other drugs.  (ECF No. 1
20 at ¶ 9.)  Plaintiff was informed and believes that the person administering the tests was a custodial
21 officer of Butte County.  (ECF No. 1 at ¶ 9.)

22 Immediately after Plaintiff's release from Butte County Jail, she required and obtained
23 expert medical treatment and hospital care.  (ECF No. 1 at ¶ 9.)  Plaintiff incurred reasonable
24 medical expenses for that care in excess of $50,000.  (ECF No. 1 at ¶ 9.)  In the future, Plaintiff is
25 informed and believes that she will be required to incur necessary and reasonable hospital
26 expenses resulting from her injury at an amount presently unknown.  (ECF No. 1 at ¶ 9.)  Due to
27 Plaintiff's arrest and imprisonment and the injuries she sustained, Plaintiff was unable to attend
28 the duties of daily living for the intervening period to the present and sustained damages for

losses pertaining thereto in an amount according to proof. (ECF No. 1 at ¶ 10.)

On March 14, 2014, Plaintiff filed a complaint under the Federal Civil Rights Act, 42 U.S.C. Section 1983 ("Section 1983"); the American with Disabilities Act, 42 U.S.C. Section 12132 ("ADA"); and California state law. (ECF No. 1 at 1.) Plaintiff claims Defendants violated the Fourth, Sixth, and Fourteenth Amendments. (ECF No. 1 at ¶ 11.) Plaintiff further claims Defendants violated California Civil Code Section 52.1 and committed assault, battery and intentional infliction of emotional distress. (ECF No. 1 at ¶¶ 29–41.) Defendants County of Butte and Town of Paradise filed answers to Plaintiff's Complaint on April 25, 2014, and May 31, 2014, respectively. (ECF Nos. 6 & 8.) On November 19, 2014, Plaintiff filed a Motion to Amend the Complaint. (ECF No. 11.)

Plaintiff's Motion to Amend seeks leave to substitute the names of the Town of Paradise Police Officers who transported her to the Butte County Jail, Officer Pat Feaster and Detective Jake Smith, and the names of the Butte County Sheriff's Office Correction Officers who pushed Plaintiff to the floor at the Jail, Deputies Donovan Stockwell and Martha Sharpe, for DOE Nos. 1-4. (ECF No. 11 at 1.) Defendants oppose the instant motion. (ECF No. 18.)

**II.    STANDARD OF LAW**

Granting or denying leave to amend a complaint rests in the sound discretion of the trial court. *Swanson v. United States Forest Serv.,* 87 F.3d 339, 343 (9th Cir. 1996). When the Court issues a pretrial scheduling order that establishes a timetable to amend the complaint, Federal Rule of Civil Procedure ("FRCP") 16 governs any amendments to the complaint. *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1294 (9th Cir. 2000). To allow for amendment under FRCP 16, a plaintiff must show good cause for not having amended the complaint before the time specified in the pretrial scheduling order. *Id.* The good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* The focus of the inquiry is on the reasons why the moving party seeks to modify the complaint. *Id.* If the moving party was not diligent then good cause cannot be shown and the inquiry should end. *Id.*

3

Even if the good cause standard is met under FRCP 16(b), the Court has the discretion to refuse the amendment if it finds reasons to deny leave to amend under FRCP 15(a). *Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 551 (5th Cir. 2010). Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." The Ninth Circuit has considered five factors in determining whether leave to amend should be given: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 738 (9th Cir. 2013) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)). "[T]he consideration of prejudice to the opposing party carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**III.    ANALYSIS**

Plaintiff asserts that she should be permitted to amend her complaint as she did not know the names of the Town of Paradise Officers or the Butte County Correctional Officers when she filed her original complaint. (ECF No. 11 at 1.) Plaintiff argues she should be allowed to add in the names of the officers because she is merely replacing previously unknown DOES Nos. 1-4. (ECF No. 11 at 2.) Furthermore, Plaintiff argues that California law allows an amendment to relate back for statute of limitations purposes to the date the original complaint was filed. (ECF No. 11 at 2.)

Defendant objects to Plaintiff's amendments claiming Plaintiff did not give a legitimate explanation for failing to timely move to amend and Defendant would be prejudiced due to the delay. (ECF No. 18 at 3, 5.) Defendant further argues that Plaintiff did not establish good cause for amending the complaint. (ECF No. 18 at 3.)

   *A.  Plaintiff Demonstrates Good Cause under FRCP 16 to Amend the Complaint After the Scheduling Order Deadline*

The primary concern in determining good cause is whether the moving party acted diligently in seeking leave to amend. *Johnson,* 975 F.2d at 609. The focus of the inquiry is on the reasons why the moving party seeks to modify the complaint. *Id.* Here, Plaintiff claims she

was unaware of the true names of the officers at the time of the filing of the complaint, and these names did not become known until after conducting initial discovery. (Decl. of Larry Baumbach, ECF No. 11-2 at 2.) Defendant provides in its opposition that Plaintiff's counsel's assistant requested the names of the officers involved on May 14, 2014; however, Defendant's counsel responded that they were not authorized to disclose this information. (ECF No. 18 at 1.) On July 14, 2014, the County served Plaintiff with its initial disclosures and identified both Deputy Donovan Stockwell and Deputy Martha Sharpe as witnesses to the incident. (ECF No. 18 at 2.) Plaintiff then served "Special Interrogatories" on the County, as well as served a "Request for Production of Documents." (ECF No. 18 at 2.) It was not until after the pretrial scheduling order was issued that Plaintiff filed her motion to amend her complaint and add Deputy Stockwell and Deputy Sharpe as defendants.

Defendant argues in its opposition that Plaintiff waited more than four months after learning the identity of Deputy Stockwell and Deputy Sharpe to move to amend her complaint. (ECF No. 18 at 4.) Defendant further states that Plaintiff provided no explanation to justify this delay. However, even though Defendants disclosed both deputies' names in July 2014, it is not clear to the Court in what context these witnesses were disclosed. It is not apparent whether Plaintiffs knew or understood at the time of the disclosure that these witnesses were the named defendants. There is not sufficient evidence that Plaintiffs did not act diligently in seeking leave to amend. Therefore, the Court finds that the FRCP 16 good cause standard is met.

   B. *FRCP 15 Factors*

Although the Court finds good cause, the Court still has the discretion to refuse the amendment under FRCP 15. The Court considers the following five factors provided by the Ninth Circuit to determine whether leave to amend should be given: 1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 738 (9th Cir. 2013). The Court does not find any evidence of bad faith. Furthermore, the Plaintiff has not previously amended her complaint.

As for the undue delay and prejudice to opposing party factors, Defendant states in its

5

opposition that Plaintiff's undue delay would prejudice the County. Delay alone will not bar amendment. *Barrows v. American Motors Corp.,* 144 Cal. App.3d 1, 9 (1983). Defendant points to *Minter v. Prime Equip. Co*, which states that egregious, unexplained delay alone may be a sufficient basis for denying leave to amend. *Minter v. Prime Equip. Co*, 451 F.3d 1196, 1206 (10th Cir. 2006.) However, the Court does not construe four months to be egregious. Aside from undue delay and the fact that Plaintiff's deposition has already been taken, Defendants do not provide sufficient evidence as to how this delay would prejudice them.

Finally, the Court considers the last factor of whether amendment would be futile. Defendant argues that Plaintiff's motion to amend the complaint was untimely and was filed more than two months after the Court issued the pretrial scheduling order. (ECF No. 18 at 3.) The pretrial scheduling order prohibits amendment to pleadings or joinder of parties without leave of court. (ECF No. 10 at 1.) However, Plaintiff argues that under California law, a complaint may be amended to designate the true name of a "DOE" defendant when his or her identity is ascertained. (ECF No. 11-1 at 2.) The Court considers the California law that Plaintiff refers to below.

### 1. California Code of Civil Procedure Section 474

Actions brought under 42 U.S.C. § 1983 are governed by the state's statute of limitations for personal injury. *Wilson v. Garcia,* 471 U.S. 261, 275 (1985) *partially superseded by statute as stated in Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 377-80 (2004). California Code of Civil Procedure Section 474 ("Section 474") allows DOE defendants to be added within three years of the filing date of the original complaint if: (1) the complaint states a cause of action against each DOE defendant; (2) the complaint alleges that the plaintiff is ignorant of the true name of each DOE defendant; (3) the plaintiff is actually ignorant of the true name at the time of filing; and (4) the plaintiff amends once the true name of the defendant is discovered. *Fireman's Fund. Ins. Co. v. Sparks Const., Inc.,* 114 Cal. App. 4th 1135, 1143 (2004).

If these requirements are fulfilled, the amendment is said to relate back to the original complaint for the purposes of the statute of limitations. *See Merritt v. Cnty. of Los Angeles,* 875 F.2d 765, 768 (9th Cir. 1989) (holding that the relation back provisions of state law, rather

than Rule 15(c), govern a federal cause of action pursuant to 42 U.S.C. § 1983). Thus, Section 474 would alter the statute of limitations and a complaint that meets the criteria of Section 474 would not be time barred.

### a. Requirements of Section 474

With regards to the first requirement, Plaintiff specifically asserts the first cause of action in her complaint against DOE Nos. 1 and 2; her second cause of action against DOE Nos. 3, 4, and 5; and her third, fourth, fifth, sixth, and seventh causes of action against all Defendants. (ECF No. 1 at ¶¶ 13–41.)

As to the second requirement, when reviewing whether a plaintiff stated their ignorance in the complaint, a court should interpret the pleading liberally. *See generally Dieckmann v. Superior Court,* 175 Cal. App. 3d 345, 354 (1985). In her complaint, Plaintiff assigned DOE Nos. 1 and 2 to "Defendant Officers of the Paradise Police Department" (ECF No. 1 at ¶ 13) and DOE Nos. 3 and 4 to "Defendants[] Custodial Officers of Butte County" (ECF No. 1 at ¶ 18). Plaintiff does not specifically allege in her complaint that she was ignorant of the true names of each DOE defendant. However, Plaintiff's wording in the complaint, which designates officers by their department or location as DOE defendants, indicates that Plaintiff was unaware of their names at the time of filing her complaint. (ECF No. 1 at ¶¶ 13, 18.) Viewing these statements liberally, the Court finds that Plaintiff has met the second element.

As to the third element, Plaintiff must be actually ignorant of the true identity of DOE Nos. 1-4 at the inception of the suit. *See McGee Street Prods. v. Workers' Comp. Appeals Bd.,* 108 Cal. App. 4th 717, 725 (2003). There is no evidence suggesting that Plaintiff was aware of the officers' identities at the time the complaint was filed. In fact, Defendant admits that Plaintiff was first presented with Deputies Stockwell and Sharpe's identities in the initial disclosures on July 14, 2014. (ECF No. 18 at 4.) Therefore, Plaintiff satisfies the third requirement.

The fourth element requires Plaintiff to amend the complaint when the true name of the DOE defendant is ascertained. "Section 474 includes an implicit requirement that a plaintiff may not unreasonably delay his or her filing of a Doe amendment after learning a defendant's

7

identity." *A.N., a Minor v. Cnty. of Los Angeles,* 171 Cal. App. 4th 1058, 1066–67 (2009) (internal quotations omitted).  Unreasonable delay includes a prejudice element, which requires a party opposing amendment to show that he or she would suffer prejudice because of a delay in filing a DOE amendment.  *Id.* at 1067.  The standard for the fourth requirement is identical to the standard used to demonstrate good cause under Federal Rule of Civil Procedure 16.  As such, the discussion above finding good cause also demonstrates the existence of the fourth requirement for section 474.

### IV.   CONCLUSION

For the reasons stated above, the Court hereby GRANTS Plaintiff's Motion to Amend her Complaint.  Plaintiff is hereby ordered to file and serve the amended complaint within thirty days of the filing of this order.  Defendants shall file responsive pleadings within 21 days of being served.

IT IS SO ORDERED.

Dated:  June 18, 2015

Troy L. Nunley
United States District Judge