LARRY L. BAUMBACH
State Bar No. 50086
LAW OFFICES OF LARRY L. BAUMBACH
686 Rio Lindo Avenue
Chico, CA 95926
Telephone: 530-891-6222

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DENISE RUSSELL,

                Plaintiff,

vs.

COUNTY OF BUTTE; TOWN OF
PARADISE; TOWN OF PARADISE
OFFICER PAT FEASTER (Doe 1); TOWN
OF PARADISE POLICE DETECTIVE
JAKE SMITH (Doe 2); BUTTE COUNTY
CORRECTIONAL OFFICER DONOVAN
STOCKWELL (Doe 3); BUTTE COUNTY
CORRECTIONAL OFFICER MARTHA
SHARPE (Doe 4); and DOES 5 through
100,

                Defendants.

_____ /

Case No.:  2:14-cv-00694-TLN-CMK

**FIRST AMENDED COMPLAINT UNDER
FEDERAL CIVIL RIGHTS ACT FOR
UNLAWFUL ARREST, SEARCH and
INCARCERATION; ABUSIVE
TREATMENT WHILE IN CUSTODY;
PERSONAL INJURIES; and DISABILITY
DISCRIMINATION**

Plaintiff, DENISE RUSSELL, alleges:

      1.    Plaintiff, Denise Russell, is a citizen of the United States of America and a resident of the Town of Paradise, and County of Butte, State of California.

      2.    Defendant Town of Paradise Officers, Police Officer Pat Feaster (Doe 1) and Police Detective Jake Smith (Doe 2) are police officers of the Town of Paradise, a Political Subdivision located in Butte County, California, and are also residents of the County of Butte. Defendants Butte County Sheriff's Office Correction Officers, Deputy Donovan Stockwell (Doe 3) and Deputy Martha Sharpe (Doe 4) and Does 5 through 100, are police

1   officers and custodial officers of the County of Butte, a governmental subdivision of the
2   State of California; Defendants are also residents of the County of Butte, State of
3   California. Defendant, Town of Paradise, is a township within the County of Butte, State of
4   California.

5       3.      This action arises under the United States Constitution particularly under the
6   provisions of the Fourth, Sixth, and Eighth Amendments to the Constitution of the United
7   States and under federal law particularly the Civil Rights Act, Title 42 of the United States
8   Codes, Section 1983; the Americans with Disabilities Act, Title 2, 42 U.S.C. §12132 and
9   state law claims for negligence, assault and battery, intentional infliction of emotional
10  distress and violation of California Civil Code §52.1.

11      4.      This Court has jurisdiction of this cause under Title 28 of the United States
12  Code §1343, as well as pendent jurisdiction over state law claims.

13      5.      Each of the acts of Defendants alleged in this Complaint were done by
14  Defendants under color and pretense of the statutes, ordinances, regulations, customs and
15  usages of the State of California, the County of Butte, and the Town of Paradise and under
16  the authority of their office as police officers for such city and county.

17      6.      On or about February 12, 2013, Plaintiff was lawfully residing in her home and
18  placed a call to the Paradise Police Department through the 911 call network asking for
19  help to be taken to mental health because she was deeply depressed and suicidal, having
20  suffered chronic depression for a number of years.  Two members of the Paradise Police
21  Department, Police Officer Pat Feaster and Police Detective Jake Smith, arrived at the
22  Plaintiff's residence directing her to step outside of her house.  When Plaintiff complied, she
23  was arrested and charged with being drunk in public.  Rather than being transported to
24  mental health as she had requested, the Plaintiff was transported to the Butte County Jail
25  and placed in the custody of the custodial officers on duty at the Butte County Jail.  While at
26  the Butte County Jail, the Plaintiff had her hands cuffed behind her back and in the
27  presence of at least three correctional officers was pushed forward onto the floor of a cell
28  by Butte County Sheriff's Office Correction Officers, Deputy Donovan Stockwell and Deputy

Martha Sharpe causing her to fall forward, landing on her left shoulder which upon impact, exploded the head of her humerus causing immediate severe pain and totally disabling her from arising from the cell floor.  While she lay on the cell floor in the condition described, a custodial officer placed his knee on her right shoulder and then removed the handcuffs from her wrists. Plaintiff was then left lying on the floor in her cell without any medical attention in great and severe pain.  Plaintiff remained on the floor of the cell for a period of one hour.  Plaintiff's only ability to aid herself was to cry and kick the door with her right foot and ask for help.  Approximately one hour after she was left injured and lying on the floor of the cell, she received a medical check and was immediately transported to Oroville Hospital where surgery was performed to alleviate the effect of the fracture to the head of her humerus.  Surgery required multiple pins and devices to stabilize the shoulder injury.

7.      In addition to the fracture of Plaintiff's humerus, she also, upon being pushed to the floor, fractured the central left upper tooth leaving a gaping hole in the center of her mouth which required later repair.

8.      No criminal charges were ever proffered against Plaintiff in connection with the arrest, seizure and imprisonment to which Plaintiff was subjected as set forth in this Complaint.

9.      At the direction of Defendant County, Plaintiff was forced without her consent to undergo tests for the purpose of determining narcotics addiction, alcohol and other drugs which was administered to Plaintiff by a person unknown to Plaintiff but Plaintiff was informed and believes that such person was a custodial officer of Butte County.  By reason of the injuries resulting to Plaintiff from the aforementioned mistreatment, Plaintiff was required and did obtain expert medical treatment and hospital care immediately after she was released from the Butte County Jail.  Plaintiff necessarily incurred reasonable medical expenses for such medical and hospital care in excess of $50,000.00.  Plaintiff is informed and believes that she will be required to incur necessary and reasonable hospital expenses in the future by reason of her injury in an amount presently unknown.  When such becomes known, Plaintiff will amend this Complaint to allege said sum.

1    10.    By reason of the conduct of Defendants, including Plaintiff's unlawful arrest

2  and imprisonment and the injuries sustained as a result, Plaintiff was totally unable to

3  attend the duties of daily living for the intervening period to the present and sustained

4  damages for losses pertaining thereto in an amount according to proof.

5    11.    The conduct of Defendants and each of them deprived Plaintiff of the

6  following rights, privileges and immunities secured to her by the Constitution of the United

7  States.

8         a.    The right of Plaintiff to be secure in her person against unreasonable

9  search and seizures under the Fourth and Fourteenth Amendments to the Constitution of

10  the United States.

11         b.    The right of Plaintiff to be informed of the nature and cause of

12  accusation against her secured to her under the Sixth and Fourteenth Amendments to the

13  Constitution of the United States.

14         c.    The right of Plaintiff not to be deprived of life, liberty or property without

15  due process of law and the right to equal protection of the law secured by the Fourteenth

16  Amendment to the Constitution of the United States.

17    12.    The acts of Defendants were performed knowingly, intentionally, and

18  maliciously by reason of which Plaintiff is entitled to an award of punitive damages against

19  the individual Defendants.

20                    **FIRST CAUSE OF ACTION**

21    13.    On February 12, 2013, Defendant Officers of the Town of Paradise Police

22  Department, Police Officer Pat Feaster (Doe 1) and Police Detective Jake Smith (Doe 2),

23  under color and by virtue of their office and their official position, maliciously and unlawfully,

24  and without reasonable or probable cause, and without warrant or any process of any

25  court, arrested Plaintiff and incarcerated Plaintiff in the jail of Butte County.

26    14.    Plaintiff was not at the time of the events alleged in this Complaint or at any

27  other time committing any offense against the Ordinances of the Town of Paradise or

28  against the Statutes of California and Defendant, Paradise Police Officers, did not have any

1   reasonable grounds for believing that Plaintiff was committing or had committed any
2   offense.

3       15.   By reason of the above, Plaintiff was deprived of her liberty to Plaintiff's
4   damages in a sum according to proof.

5       16.   In making the above described, unlawful arrest, Defendants, Paradise Police
6   Officers, Police Officer Pat Feaster (Doe 1) and Police Detective Jake Smith (Doe 2), acted
7   willfully, maliciously, and without any excuse or justification whatever.   Thus, Plaintiff was
8   entitled by virtue of said conduct to exemplary damages in a sum according to proof.

9   **SECOND CAUSE OF ACTION**

10       Plaintiff complains against Defendants and for a second cause of action alleges:

11       17.   Plaintiff repeats and realleges paragraphs 1 through 16 of her First Cause of
12   Action as if expressly set forth at length.

13       18.   At the time of the above mentioned arrest, Defendants, Butte County Sheriff's
14   Office Correction Officers, Deputy Donovan Stockwell (Doe 3) and Deputy Martha Sharpe
15   (Doe 4), and Custodial Officers of Butte County, Does 5, 6 and 7 under pretense of
16   necessity, did without any cause of provocation, brutally, oppressively, maliciously and
17   unlawfully pushed Plaintiff to the concrete floor of a jail cell while her hands were cuffed
18   behind her back, inflicting severe and permanent injuries as follows:  an exploding fracture
19   of the head of the left humerus, numerous bruises and abrasions, and a fracture of the left
20   central tooth.

21       19.   After Defendants, Town of Paradise Police Officer Pat Feaster (Doe 1) and
22   Police Detective Jake Smith (Doe 2),, had arrested Plaintiff and Defendants, Butte County
23   Sheriff's Office Correction Officers, Deputy Donovan Stockwell (Doe 3) and Deputy Martha
24   Sharpe (Doe 4), and Custodial Officers of Butte County, Does 5, 6, and 7 had wounded
25   and injured Plaintiff, they caused Plaintiff's incarceration to continue without procuring any
26   medical treatment for Plaintiff although Plaintiff was badly injured and in need of immediate
27   emergency medical care.  Plaintiff did not receive medical treatment for at least one hour
28   and was left to lie upon the bare, dirty, concrete floor of a jail cell.

20.     As a result of the above described injuries to Plaintiff, Plaintiff suffered severe, physical and mental pain and anguish to Plaintiff's damage in a sum according to proof.

21.     As a result of the above described abusive treatment of Plaintiff and injuries of Plaintiff, Plaintiff was caused to undergo extensive medical care and treatment and to expend for this care and treatment, a sum in excess of $50,000.00.

22.     In inflicting Plaintiff with the above described injuries, Defendants Butte County Sheriff's Office Correction Officers, Deputy Donovan Stockwell (Doe 3) and Deputy Martha Sharpe (Doe 4) and Custodial Officers, Does 5, 6, and 7, maliciously and without any excuse or justification whatever.  Thus, Plaintiff is entitled by virtue of said conduct to exemplary damages in a sum according to proof.

### THIRD CAUSE OF ACTION

23.     Plaintiff repeats and realleges paragraphs 1 through 22 of her First and Second Causes of Action as if expressly set forth at length.

24.     At no time during the above mentioned period of detention was Plaintiff charged with any crime, but at the end of that period, Plaintiff was released without any charge being made or filed, and no charge has subsequently been made.

25.     None of the Defendants at the time of the above mentioned seizure or at any time during the subsequent detention of Plaintiff had in his or her possession any warrant issued by any judge, court or magistrate authorizing the arrest of Plaintiff nor had any warrant, in fact, been issued by any court, judge or magistrate for any such seizure and arrest.

26.     The acts alleged above were committed either on the instruction of Defendants, Town of Paradise Police Officer Pat Feaster (Doe 1) and Police Detective Jake Smith (Doe 2), Butte County Sheriff's Office Correction Officers, Deputy Donovan Stockwell (Doe 3) and Deputy Martha Sharpe (Doe 4), and Chief of Police or superior officers or with the knowledge and consent of these Defendants or were there after approved and ratified by these Defendants.

27.     Each of the Defendants, individually and in concert with the others, acted under pretense and color of law and their official capacity, but such acts were beyond the scope of their jurisdiction and without authorization of law.  Each Defendant, individually and in concert with others, acted willfully, knowingly and with specific intent to deprive Plaintiff of her right to freedom from illegal seizure of her person and of her right to freedom from unlawful arrest, detention and imprisonment, all of which rights are secured to Plaintiff by the Fourth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and by Title 42 U.S.C. §§1983 and 1988.

28.     Pursuant to 42 U.S.C. §1988, Plaintiff is entitled to a reasonable allowance for attorney's fees as part of her costs.

## FOURTH CAUSE OF ACTION

### Assault

29.     Plaintiff repeats and realleges paragraphs 1 through 28 of her First, Second, and Third Causes of Action as if expressly set forth at length.

30.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered fright, shock and extreme mental anguish and had to be placed under the care of a physician as well as treated for her physical injuries.

31.     As a direct and proximate result of Defendants' conduct, Plaintiff was required to obtain medical services and treatment in an amount to be determined by proof at trial and will in the future be compelled to incur additional obligations for medical treatment in an amount to be determined by proof at trial.

32.     In doing the acts herein complained of the Defendants and each of them acted maliciously and oppressively, and willful and conscious disregard of Plaintiff's rights and safety and with the sole intent to harm Plaintiff.  Plaintiff is therefore entitled to punitive damages in an amount to be determined by proof at trial.

## FIFTH CAUSE OF ACTION

### Battery

33.   Plaintiff repeats and realleges paragraphs 1 through 32 of her First through Fourth Causes of Action as if expressly set forth at length.

34.   Defendants and each of them intended to cause and did cause a harmful contact with Plaintiff's person.  Plaintiff did not consent to Defendants' act.  As a direct and proximate result of Defendants' conduct, Plaintiff suffered a shattering, fracture of the humerus, a fracture of her left, central, upper tooth, and numerous cuts and bruises. Plaintiff has also suffered extreme mental anguish and physical pain.  Plaintiff is informed and believes and on that basis alleges that Plaintiff has suffered permanent disabilities. Defendants acted knowingly, willfully and with malicious intent and Plaintiff is entitled to punitive damages in an amount to be determined by proof at trial.

## SIXTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

35.   Plaintiff repeats and realleges paragraphs 1 through 34 of her First through Fifth Causes of Action as if expressly set forth at length.

36.   Defendants' conduct had a severe and traumatic effect on Plaintiff's emotional condition.  As a proximate result of the acts of Defendants, Plaintiff suffered severe, emotional distress in the form of anxiety, depression, and aggravation of pre-existing depressive mood, humiliation as a result of being arrested and treated as a common criminal.

37.   As a direct and proximate result of Defendants' conduct, Plaintiff has suffered general damages in an amount to be determined by proof at trial.

38.   Defendants' conduct was done knowingly, willfully, and with malicious intent and Plaintiff is entitled to punitive damages in an amount to be determined by proof at trial.

**SEVENTH CAUSE OF ACTION**

**Violation of California Civil Code §52.1**

39.     Plaintiff repeats and realleges paragraphs 1 through 38 of her First through Sixth Causes of Action as if expressly set forth at length.

40.     Defendants, in committing the acts set forth herein, were acting under color of law and within the course and scope of their employment as police officers and custodial officers and in said capacity, interfered with the Plaintiff's exercise and enjoyment of her rights under the Constitution of the United States, the laws of the United States, the Constitution of the State of California and the laws of the State of California.

41.     Plaintiff is therefore entitled to damages as enumerated in California Civil Code §52.1.

**REQUEST FOR JURY TRIAL**

Plaintiff requests a jury trial.

**PRAYER FOR RELIEF**

WHEREFORE PLAINTIFF requests judgment against Defendants and each of them for:

1.     Compensatory damages;

2.     Punitive damages;

3.     Reasonable attorney's fees for costs of suit; and

4.     Such other and further relief as the Court deems just and proper.

Dated: *11/19*          , 2014          LAW OFFICES OF LARRY L. BAUMBACH

By: _____

LARRY L. BAUMBACH
Attorney for Plaintiff